United States of America
District of Massachusetts

Suffolk, ss.

| | |
|---|---|
| United States ) | |
| ) | |
| v. ) | Docket No. 23-cr-10299 |
| ) | |
| Dean Tran ) | |
| ) | |

**Defendant's Motion**
**For Immunity for Defense Witness**

Now comes the Defendant, Dean Tran, who moves this Honorable Court to grant Mrs. Martin Immunity (limited).

**Argument**

Normally it is only Government Witnesses which received immunity. Barring "unique circumstances" where there is a likelihood of a "distort[ion] of the fact-finding process" defense witnesses are not granted immunity in Federal Courts. <u>Commonwealth v. Brewer</u>, 472 Mass. 307, 312 (2015) *citing* <u>United States v. Mackey</u>, 117 F.3d 24, 27 (1st Cir. 1997).

Mrs. Martin, the co-defendant in the other case and the sister of Mr. Tran, has been indicted for perjury for her testimony to the grand jury as a Defense Witness for Mr. Tran. The Defendant proposed that, without disturbing Mrs. Martin's existing criminal liability, that the Court immunize Mrs. Martin so that she may testify for the Defense. Provided that her position is not worsened for having done so, there is no conflict.

The Government has decided that it has a monopoly on truth. That Mrs. Martin, who could not be bent to change her testimony despite earlier offers of immunity to testify for the Government, could now be unavailable to Mr. Tran is problematic. Where the Government has obtain this indictment mere weeks before trial, it looks like (though it is probably not) an attempt to make a key witness unavailable and deprive Mr. Tran of his defense. Irrespective of the

1

Government's aims or intentions, the timing is deplorable. Mr. Tran is likely to now be without a critical witness on his behalf. Someone who, already staring down the barrel of a perjury indictment, should be able to testify freely to a petit jury, rather than a grand one, and have judge her veracity and demeanor. That the prime defense witness is not likely unavailable due to an extraordinarily poorly timed perjury indictment would deprive Mr. Tran of his defense.

No grant of immunity can or should interfere with the existing indictment, but witnesses for the Defense should be able to testify freely and without fear. "While a criminal trial is not a game in which the participants are expected to enter the ring with a near match in skills, neither is it a sacrifice of unarmed prisoners to gladiators." US. v. Chronic, 466 U.S. 648, 657 (1984).

There can be no doubt that it is foul ball for a prosecutor to make a key defense witness unavailable to the Defendant. United States v. Linder, docket No. 12 CR 22-1 (N.D. Ill. 8/9/2012) ("Threats or intimidation made by the government that dissuade a potential defense witness from testifying is a violation of the defendant's right to due process of law and his Sixth Amendment right to compulsory process for obtaining defense witnesses."); United States v. Pinto, 850 F.2d 927, 932 (2nd Cir. 1988) ("Under certain circumstances, intimidation or threats that dissuade a potential defense witness from testifying may infringe a defendant's due process rights."); id., ("That interference may involve threats of prosecution…or other intimidating conduct."). United States v. Macloskey, 682 F.2d 468, 479 (4th Cir. 1982) (reversing conviction where prosecutor made 11th hour call to critical defense witness's attorney to make "suggestion" that she not testify; not subject to harmless error analysis); United States v. Smith, 478 F.2d 976, 979 (D.C. Cir. 1973) (prosecutor "advising" primary defense witness of 5th amendment rights, even if from impeccable motives, critically implied criminal prosecution for testifying for defendant, conviction reversed) *citing* People v. Pena, 383 Mich. 402, 406 (1970) ("[a] prosecutor may impeach a witness in court

bur he may not intimidate him—in or out of court."); Bray v. Peyton, 429 F.2d 500 (4th Cir. 1970) (prosecutor's imprisoning of defense witness on unrelated old but facially valid charges violated the constitution).

"It is well-settled that substantial government interference with a defense witness's free and unhampered choice to testify violates the defendant's due process rights." Newell v. Hanks, 283 F.3d 827, 837 (7th Cir. 2002). Mr. Tran's rights are violated by the intimidation of *his* exculpatory witness.  United States v. Vavages, 151 F.3d 1185, 1191 (9th Cir.1998) (prosecutor threatened to withdraw witness's plea agreement in her own unrelated criminal prosecution if she testified in support of defendant's alibi); United States v. Morrison, 535 F.2d 223, 225-28 (3d Cir.1976) (prosecutor repeatedly warned and intimidated prospective defense witness about possibility of perjury charges if she testified falsely); United States v. Little, 753 F.2d 1420, 1438-1439 (9th Cir. 1984) (IRS Agents intimidating defense witnesses depriving defendant of his right to present a defense); Webb v. Texas, 409 U.S. 96, 96 (1972) (court violated defendant's rights by driving defense witness off the stand with strident warnings); United States v. Goodwin, 625 F.2d 693, 702-703 (1980) ("Threats against witnesses are intolerable. Substantial government interference with a defense witness' free and unhampered choice to testify violates due process rights of the defendant…If such a due process violation occurs, the court must reverse without regard to prejudice to the defendants..").

At least one federal court has found that unique circumstances, necessary to grant a Defense Witness immunity, exist when the defense witness is scared off. US v. Roach, 502 F.3d 425, 438 (6th Cir. 2007) ("One possible remedy for such discouragement would be for the court to grant immunity from prosecution to the witness for the alleged crime uncovered by the prosecutorial

actions."). The Court should follow the example of the <u>Roach</u> and grant some form of limited immunity to Mrs. Martin that she might testify in Mr. Tran's defense.

**Conclusion**

Wherefore the Defendant's Motion should be Granted.

                                      Respectfully Submitted,

                                      Dean Tran
                                      By His Attorney
                                      <u>/S/ Michael Walsh</u>
                                      Michael Walsh
                                      BBO 681001
                                      Walsh & Walsh LLP
                                      PO Box 9
                                      Lynnfield, MA 01940
                                      617-257-5496
                                      Walsh.lynnfield@gmail.com

**Certificate of Service**
I, Michael Walsh, hereby certify that a copy of this motion has been served on all participating ECF/CM filers on this 9th day of August 2024.
<u>/S/ Michael Walsh</u>