UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DEAN A. TRAN, )<br>)<br>Defendant ) | Criminal No. 23-10299-FDS |

GOVERNMENT'S RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS IN LIMINE

The government herein responds to defendant Tran's pretrial motions in limine, docket entries (DE) 67 (MIL to Preclude Mention or Use of Other Pending Charges); 68 (MIL to Preclude Testimony by Any Undisclosed Witnesses); 69 (MIL to Exclude DUA Testimony); 70 (Motion on Extraneous Publicity); 71 (Motion for Immunity for Defense Witness); and 72 (MIL to Allow Argument on Defendant's Mens Rea).

**1. Defendant's MIL to Preclude Mention or Use of Other Pending Charges (DE 67)**

The government does not intend to introduce evidence pertaining to defendant Tran's two pending state cases where Tran is accused of theft of a firearm in one action and is accused of abusing his official position as state senator in using state taxpayer resources in aid of his personal political campaign in the other, *see* DE 67 at 1. Should defendant Tran present evidence that opens the door to either line of inquiry, however, the government, reserves the right to do so, but only after giving prior notice to the Court and defense counsel. "A defendant's introduction of evidence may render his prior acts relevant for impeachment purposes, thus making admissible what may not have been admissible otherwise under Fed. R. Evid. 404(b)." *See United States v. Johnson,* 79 F.4th 684, 699 (6th Cir. 2023) (quoting *United States v. Clingman*, 521 F. App'x 386, 395 (6th Cir. 2013)).

## 2. Defendant Tran's Motion to Preclude Testimony by Any Undisclosed Witnesses (68)

The government opposes this motion. Defendant Tran cites no case law for the proposition that the government is precluded from calling heretofore undisclosed witnesses. In the event that the government intends to call a witness that has not been previously disclosed, the government will inform the defense as soon as reasonably practicable and will provide any required *Jencks*, if applicable, prior to calling such witness.

## 3. Defendant Tran's Motion in Limine to Exclude DUA Testimony (69)

The defendant's motion seeks to "exclude any prior testimony from the DUA Hearing." DE 69 at 1. The government opposes this motion. First, defendant Tran's motion is contrary to Fed. R. Evid. 802(d)(2)(A), which provides that statements that are "offered against an opposing party and … [are] made by the party in an individual or representative capacity" are not hearsay. Defendant Tran's recorded statements to DUA representative Debra Lerner during Tran's May 21, 2021 unemployment benefit appeal hearing fall squarely within Rule 802(d)(2)(A) and are thus admissible.

Second, DUA representative Debra Lerner's statements to defendant Tran during Tran's May 21, 2021 appeal hearing are admissible under Fed. R. Evid. 801(c)(2) because Ms. Lerner's statements are not offered for their truth, but rather offered to show defendant Tran's state of mind. *See United States v. Munera-Gomez*, 70 F.4th 22, 33 (1st Cir. 2023) (citing *United States v. Feliz*, 794 F.3d 123, 132-33 (1st Cir. 2015) (explaining that "testimony ... offered to show the effect of the words spoken on the listener ... is a nonhearsay utterance because it is not being used to prove the truth of the matter asserted")). Without the admission of Ms. Lerner's portion of the back-and-forth question-and-answer session with defendant Tran during his appeal hearing, the jury would

be left without context and have no understanding as to what Tran was agreeing with or responding to in his statements to Ms. Lerner.

Finally, the recorded May 21, 2021 PUA appeal hearing for defendant Tran is a business record of the DUA that is admissible pursuant to Fed. R. Evid. 803(6). The recorded hearing was made at or near the time of the May 21, 2021 hearing; the recording was made in the regular course of business activity of the DUA; and the making of the recording was a regular practice of the DUA, thus satisfying Rule 803(6)'s requirements. In addition, because the DUA hearing serves an administrative purpose, i.e., ensuring that a recipient is qualified to receive unemployment benefits, and because the DUA hearing does not have as its "primary purpose [ ] establishing or proving past events potentially relevant to later criminal prosecution," the record of the DUA hearing is non-testimonial and thus admissible under the confrontation clause. *See United States v. Cameron*, 699 F.3d 621, 640-42 (1st Cir. 2012) (citing *Bullcoming v. New Mexico*, 131 S.Ct. at 2714 n. 6 (2011) (internal citations omitted)).

### 4. Defendant Tran's Motion on Extraneous Publicity (70)

The government agrees that potential jurors should be admonished from conducting their own research on defendant Tran and to avoid reading any news articles concerning Tran and the instant trial. The government notes, however, that the mere fact that a potential juror may be aware of some pre-trial publicity regarding Tran is not automatically disqualifying. The test of whether a prospective juror may be excluded for cause is whether or not the "juror's views would prevent or substantially impair the performance of his[/her] duties as a juror in accordance with his[/her] instructions and his[/her] oath." *Wainwright v. Witt*, 469 U.S. 412, 424 (1985) (internal quotation marks and footnote omitted).

**5. Defendant Tran's Motion for Immunity for Defense Witness (71)**

Defendant Tran seeks to have the Court compel the government to grant use immunity to Tran's sister Tuyet Martin. The Court should deny this request because Tran has failed to show that this is the "rare case" where the government has abused its discretion by "intentionally attempting to distort the fact-finding process." *See United States v. Angiulo*, 897 F.2d 1169, 1191-92 (1st Cir. 1990) (recognizing "that the power to grant witness immunity" is vested in the executive branch).

Briefly, on or about June 20, 2024, a grand jury indicted Tuyet Martin on charges of obstruction of justice (18 U.S.C. § 1512(c)(2)) and perjury (18 U.S.C. § 1623(a)) for Tuyet's role in crafting a fake employment letter for Tran's use in duping the DUA, attempting to destroy and conceal evidence related to that letter, and then lying about her role in the grand jury.[1] It is plain that any grant of immunity to Tuyet Martin would interfere with the ongoing criminal prosecution of Ms. Martin.

> [O]ur case law makes clear that where the government offers a plausible reason for denying use immunity to a defense witness, such an assertion "adequately deflects any insinuation that the government's handling of [the] witness was motivated by the sole purpose of keeping exculpatory evidence from the jury." *See Castro*, 129 F.3d at 233 (crediting "government's desire not to hinder 'state or federal charges of possession of controlled drugs and trafficking [that] could still be brought [against the witness]'" (first alteration in original)).

*United States v. Munera-Gomez*, 70 F.4th 22, 29-30 (1st Cir. 2023) (quoting *United States v. Castro*, 129 F.3d 226 (1st Cir. 1997)).

Defendant Tran protests the timing of Tuyet Martin's indictment, citing to *United States v. Roach*, 502 F.3d 425 (6th Cir. 2007), where the appellate court found the timing of the

---

[1] The government incorporates by reference the Indictment brought in criminal action, *United States v. Dean A. Tran, Tuyet T. Martin*, 24-cr-10178 (FDS), DE 1.

prosecution's revocation of a defense witness's handgun permit suspect. But defendant Tran's reliance on *Roach* is misplaced because even if the grand jury did not indict Tuyet Martin prior to trial, the government would still have had a legitimate interest in the **future prosecution** of Ms. Martin, such that a grant of immunity would be inappropriate. *See Munera-Gomez*, 70 F.4t at 30 (*citing United States v. Mackey*, 117 F.3d 24, 28-29 (1st Cir. 1997) (recognizing the government's interest in avoiding risk to possible future prosecution of a witness as a legitimate justification for denying use immunity)).

Because the government has a legitimate interest in withholding use immunity from Tuyet Martin, this case does not present the rare instance where a court would intercede with the executive branch's traditional decision-making authority. For these reasons, defendant Tran's motion to compel immunity for Ms. Martin should be denied.

### 6. Defendant Tran's Motion in Limine to Allow Argument on Defendant's Mens Rea (72)

It is unclear what relief defendant Tran seeks from this motion. To the extent that Tran wishes to argue that the evidence does not establish that he intentionally committed the crimes of wire fraud and filing false tax returns, the defense is free to make arguments in summation that, in the Court's view, are proper commentary on the evidence or that ask the jurors to draw reasonable inferences from admitted evidence.

What the defendant may not do, however, is to call third party witnesses (e.g., proposed defense tax expert, Henry Kulik) to opine as to Tran's state of mind. *See* Fed. R. Evid. 704(b) ("an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense," since "[t]hose matters are for the trier of fact alone."); *see also United States v. Serrano Delgado*, 2018 WL 6333953, *1 (D.P.R. 2018) (defendant cannot elicit testimony from a third party as to the

5

defendant's state of mind) (citing Fed. R. Evid. 602). Therefore, to the extent that defendant Tran seeks to call third party witnesses to opine as to Tran's mens rea with respect to the instant charges, such relief should be denied.

**Conclusion**

Therefore, and for all the foregoing reasons, Tran's motions that the government opposes in their entirety – docket entries 68 (MIL to Preclude Testimony by Any Undisclosed Witnesses); 69 (MIL to Exclude DUA Testimony); and 71 (Motion for Immunity for Defense Witness) – are unmeritorious, and the government requests that they be denied. As for the remaining defense motions – DE 67 (MIL to Preclude Mention or Use of Other Pending Charges); DE 70 (Motion on Extraneous Publicity); DE 72 (MIL to Allow Argument on Defendant's Mens Rea) – because they raise issues that may not yet be ripe, the government requests that the Court resolve such motions when it deems necessary.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: */s/ Dustin Chao*
DUSTIN CHAO
JOHN T. MULCAHY
Assistant U.S. Attorneys

**Certificate of Service**

      I certify that, on August 16, 2024, this document was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and mailed to the defendant via U.S. mail or other postage delivery service.

                                          */s/ Dustin Chao*
                                          Dustin Chao